64 P.(2d) 384

**TOWN OF ALAMOGORDO v. BEALL et al.**

**No. 4267.**

Supreme Court of New Mexico.

Jan. 5, 1937.

Frank H. Patton, Atty. Gen., and J. R. Modrall, Asst. Atty. Gen., for appellants.

J. L. Lawson, of Alamogordo, and Clyde C. Dawson, Jr., and Pershing, Nye, Bos-worth & Dick, all of Denver, Colo., for appellee.

HUDSPETH, Chief Justice.

This cause originated in the district court upon a complaint for a declaratory judgment. A demurrer was filed to the complaint upon the ground that said complaint failed to state a cause of action. The demurrer was overruled and the defendants Byron O. Beall, John S. Clark, and Donaciano E. Rodriguez, constituting the members of the New Mexico State Tax Commission, appealed from the order overruling the demurrer. The other defendant, Ed Le Breton, appeared by answer admitting, on information and belief, the allegations of the complaint and consenting to the disposition of the cause without further notice to him.

The plaintiff, Town of Alamogordo, has outstanding $202,500 worth of general obligation water system bonds. These are term bonds issued May 1, 1916, payable May 1, 1946, and optional May 1, 1936. They bear interest at the rate of 5½ per cent. per annum. The plaintiff sought to refund $100,000 of these outstanding bonds by the issuance of $100,000 of serial bonds payable from the present time until 1946, in equal annual amounts, and to leave outstanding the balance of $102,500 of the old bonds.

The plaintiff, in determining what particular old bonds were to be called for payment, used its own discretion in picking certain numbered bonds and did not draw the bonds to be called by lot. The defend-

ants Byron O. Beall, John S. Clark, and Donaciano E. Rodriguez, constituting the members of the New Mexico State Tax Commission, refused to approve the issuance of the refunding bonds, upon the advice of counsel, and this action was thereupon brought to determine whether or not the plaintiff might legally refund a portion of a single outstanding bond issue without refunding the whole thereof, and to determine what method should be used in calling the bonds to be refunded.

Defendants maintain that there is no provision in the New Mexico statutes authorizing a municipality to refund a portion of a single outstanding bond issue. 1929 Comp. Stat. § 90-1101, is as follows: "Refunding bonds—Approval of tax commission. That the governing body of any county, municipality, or school district in this state may with the approval of the state tax commission issue negotiable coupon bonds, to be denominated refunding bonds, for the purpose of refunding any of the bonded indebtedness of such county, municipality, or school district, now existing or hereafter created, which has or may hereafter become due and payable, or which has or may hereafter become payable at the option of such county, municipality, or school district, or by consent of the bondholders, or by any lawful means and for the payment or redemption of which there shall not be funds available in the treasury of such county, municipality, or school district."

Defendants argue that "any of the bonded indebtedness of such * * * munici-

pality" appearing in the foregoing statute means any particular bond issue of the municipality and not any portion of a bond issue. The question is one of first impression in this state, and no authority in point is cited from any other jurisdiction. The plaintiff claims that since all the bonds are payable on the 1st day of May, 1946, with option reserved to plaintiff to redeem said bonds at any semiannual interest paying date on or after the 1st day of May, 1936, the proposed plan is legal. This optional clause was inserted in each bond pursuant to Laws 1912, c. 76, § 4, which provides, in part, as follows: "Provided, the city council or board of town or village trustees shall have the right to pay any such bonds at any time after twenty years from their date."

The complaint states that the refunding bonds will bear interest at the rate of 4½ per cent. per annum, and will save the municipality more than $10,000 in interest charges. In other words, the municipality would have outstanding $100,000 of refunded bonds bearing interest at the rate of 4½ per cent. per annum maturing at equal annual installments over a period of years from 1937 to 1946, and would have outstanding $102,500 of water system bonds maturing on the 1st day of May, 1946, and bearing interest at the rate of 5½ per cent. per annum.

The defendants say that a municipality would not attempt to refund a portion of an issue if it could refund the whole, and that the portion remaining unrefunded would go

into default upon the due date of the bonds. 1929 Comp.Stat. § 90-1102, provides that, "when bonds are issued to refund existing and outstanding bonds which may become due and payable at the option of a governing board as set out in the bonds to be refunded, the date of maturity of such refunding bonds shall not extend beyond the date of final maturity of such bonds to be so refunded."

Defendants further state:

"To attempt to issue $202,500.00 worth of serial refunding bonds to mature in equal annual installments by the end of 1946 would place a burden upon the Town of Alamogordo which it could not possibly meet. But to allow the town to refund $100,000.00 worth of the outstanding issue and to leave unrefunded $102,500.00 will result in part of the bondholders being paid in full for their bonds which were refunded and the holders of the $102,500.00 worth of bonds, which are not refunded, to hold bonds which will certainly default at maturity.

"We submit that since the contractual obligation in the first instance was the same as to all bond holders the town cannot now change this contractual obligation and prefer the holders of $100,000.00 worth of bonds by paying them and allowing the holders of $102,500.00 of bonds to go unpaid at the maturity of the bonds which they hold. We do not suggest that the holders of the $102,500.00 worth of unrefunded bonds will never be paid, but we do suggest without fear of contradiction that it will be impossible for the town to pay them at the maturity of their bonds."

It is also suggested that the holders of the $102,500 bonds of the old issue will be shown a preference, in that their bonds will bear 5½ per cent. interest, while the new issue will bear one per cent. less. We are not persuaded that defendants' objections are applicable under our existing statutes. The Legislature did not see fit to limit the power to refund to an entire issue.

It is also urged upon us that a municipality cannot use its absolute arbitrary discretion in determining which bonds out of the whole issue should be called for refunding. The right of the municipality to exercise its option to redeem the bonds is not questioned, and we are constrained to hold that the bondholder has no right to insist that his bond be called for payment before the due date or that it not be called. The discretion is vested in the municipality by our laws and there is no limitation as to the method by which the bonds redeemed are to be selected. Where the statute is silent the governing body of the municipality is vested with wide discretion in matters of policy. Seward v. Bowers, 37 N.M. 385, 24 P.(2d) 253; State v. City of Carlsbad, 39 N.M. 352, 47 P.(2d) 865.

The obligation to pay the remaining $102,000 of the old bond issue will not be affected in any way by the proposed procedure. Nor is it suggested that there will be less with which to pay. It is not a case of assembling assets of a failing corporation. The municipality may use its absolute

arbitrary discretion in selecting the bonds to be refunded. The fact that corrupt officials may abuse this power does not justify the court in controlling this discretion.

The district court did not err in overruling the demurrer of the Tax Commission.

SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.